

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. 0-3439
Re:  Is the County Attorney of
     Newton County entitled to
     any compensation for acting
     on behalf of the State in a
     habeas corpus case in the
     District Court under the
     facts stated?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I represented the State a habeas corpus case in the District Court here in Newton County. This man was indicted for murder. In the absence of the District Attorney, Art. 1025, CCP., I was authorized by the District Judge to represent the state in this hearing, you will see under Art. 1025, in each County where less than 3000 votes have been cased, such attorney shall receive $20.00 for each such habeas corpus.

"I have tendered my bill, for this account of $20.00, under Art. 1025, CCP. The Comptroller says that I am not entitled to it.

"The case he refers to Voges vs. Sheppard, 67 S. W. (2d) 856, is where the District Attorney and the County Attorney worked together in the cases, and probably he wouldn't be entitled to this fee.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Please let me have your opinion on this matter as to whether I am entitled to a fee under the facts stated to you."

We refer to Articles 25, 26, 1021 and 1025, Vernon's Annotated Code of Criminal Procedure, without quoting the same, which have been construed by the Court in the case of Voges vs. Sheppard, 67 S. W. (2d) 856. We quote from the above mentioned case as follows:

"It is at once apparent that a purpose of article 1025 was to respond to the call of article 26 for compensation to the county attorney for the services prescribed by the latter statute as a subject for compensation. There is little doubt that in naming that officer, along with the district attorney, as a beneficiary of the fees prescribed in article 1025, the Legislature had in immediate contemplation the provisions of the other article regarding the compensation of the county attorney in felony trials, and which, in express terms, limit such compensation to 'fees allowed by law to district attorneys.' It is thus seen that the right of the relator to fees in cases of felony convictions, as prescribed in article 1025, depends on whether such fees are allowed to the district attorney of the district which embraces Wilson county. That said district attorney is not allowed said fees is plainly disclosed by the provisions of Article 1021; for the last-named article provides, in substance, that a district attorney, in a district composed of two or more counties, shall receive a per diem compensation, depending upon his attendance upon the session of the court in the necessary performance of his official duty. This compensation does not depend on the number of cases tried, or the result achieved, and excludes all other compensation except his annual salary.

"In regard to compensation for the county attorney in habeas corpus cases, the situation is materially the same as the other. Except article 1025, there is no statute which provides compensation for that officer in a habeas corpus case in-

Honorable A. A. Miller, Page 3

volving a felony, and, as we have seen, the statute mentioned relates exclusively to services for which the district attorney, if he, instead of the county attorney, performed them, would be entitled to receive the fees there provided.

"We recommend that the writ of mandamus be refused."

In view of the above mentioned statute, it is clear that the Legislature has made it the duty, and it is likewise the right, of the county attorney to represent the State in the district court in the absence of the district attorney. The right of the county attorney in such instance to compensation under Articles 26 and 1025, supra, depends on whether the fees are allowed to the district attorney of the district for the services performed, in the absence of the district attorney, by the county attorney. Since January 1, 1936, the district attorneys in all judicial districts in this State have been compensated by the payment of an annual salary in twelve equal monthly instalments, rather than by the allowance of fees. (Article 3886f, Vernon's Annotated Civil Statutes) The compensation of the various district attorneys does not depend on the number of cases tried, or the results achieved, and excludes all other compensation except his annual salary. Since district attorneys are no longer compensated on a fee basis, but by the payment of an annual salary, and the Legislature has made no provision for compensating the county attorney who acts in the absence of the district attorney by appropriating to him a part of the salary to be paid to the district attorney, it follows that the county attorney who acts in the absence of the district attorney is not entitled to compensation for the services thus rendered. Therefore, the above stated question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant

APPROVED MAY 1, 1941

ATTORNEY GENERAL OF TEXAS

AW:ej

acting

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN